UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PETRICE BRANNON, | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| AMERIGROUP TENNESSEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED
IN CLERK'S OFFICE
DEC 26 2012
U.S. DISTRICT COURT
MID. DIST. TENN.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.  Plaintiff, Petrice Brannon ("Brannon"), brings this Complaint against Defendant, Amerigroup Tennessee, Inc., ("Defendant"), for its discriminatory actions toward her based on her race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and for retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

### II. Parties

2.  Brannon is an African-American female who has resided within the State of Tennessee at all relevant times hereto.

3.  Defendant is a for-profit corporation who is located within and conducted business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

## III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. 2000e(b).

6. Brannon, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Brannon satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2012-00086. Brannon received her Notices of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

## IV. Factual Allegations

9. Brannon, an African-American, was hired by the Defendant on or about February 2, 2007, into Member Service Customer Care.

10. At all times relevant, Brannon met Defendant's legitimate performance expectations.

11. During her tenure, Brannon recognized that Defendant had a pattern and practice of not hiring African-American employees, including her, for higher level positions.

12. For example, in or about April 2011, Brannon applied for a Case Specialist LTC position. Despite her qualifications, job performance and tenure, Brannon was not awarded the position.

13.     Based on information and belief, non-African-American employees: Joe Rucker, Lois James, Jeremy Haw, Barbara Brower, Gio Giovanni, Paula Johnson-Dorris, Randall Frye and Erica Baggett, received positions over Brannon and/or other African-American employees: Camilla Howard, Linda Starling, LaTisha Brown, Lynette Powell and Sandra Lewis.

14.     On or about May 2, 2011, Brannon engaged in a protected activity and complained to her supervisor, Ruby Pope ("Pope"), that White employees were being given promotions, discriminatorily, this was a matter for the EEOC and that she should take this matter to the EEOC.

15.     Brannon then requested a meeting with Pope's supervisor and Defendant's Director, Maurice Pardo ("Pardo"). Brannon engaged in a protected activity by informing Pardo that White employees were being given promotions, discriminatorily, this was a matter for the EEOC and that she should take this matter to the EEOC.

16.     Brannon also told Pardo that she did not want to meet with Carla Spriggs ("Spriggs") in Defendant's Human Resources Department because she believed Spriggs was prejudice. Instead, Brannon wanted to speak with Defendant's head of Human Resources, Julia McAndrews ("McAndrews").

17.     Brannon was concerned about Spriggs, among other reasons, because a White co-worker, Donna, reportedly stated "Poor Petrice could not get past Carla" referring to Brannon's attempt at promotion.

18.     On or about May 3, 2011, Brannon met with McAndrews and engaged in a protected activity. Brannon informed McAndrews of Donna's comment, that Spriggs was not allowing African-American employees to be interviewed by the Hiring Manager,

3

African-Americans were not being promoted and that Brannon viewed this as an EEOC issue.

19. Moreover, during this meeting with McAndrews, Brannon pointed out the qualifications and experience differences between some African-American and White candidates.

20. McAndrews stated that she would follow up with Spriggs. McAndrews then reported to Brannon that McAndrews would have to look at diversity closer and that Brannon would be getting another interview.

21. Brannon and another African-American employee were granted interviews for two different positions; however, neither were hired.

22. On or about October 5, 2011, Brannon was terminated from her employment for alleged call avoidance and being rude to customers. First, Brannon did not avoid any calls and she was not rude to customers. Moreover, similarly-situated White employees or employees who have not engaged in a protected activity, have not been terminated and/or have been treated more favorably by the Defendant.

## V. Causes of Action

### Count I. Section 1981 Race Discrimination Claim

23. Brannon hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint.

24. Brannon was passed over for promotions and subsequently terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

4

25. Defendant's actions were in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

26. Defendant's actions were willful, intentional, and done with reckless disregard of Brannon's civil rights.

27. Brannon has suffered injury as a result of Defendant's unlawful actions.

### Count II. Title VII Race Discrimination Claim

28. Brannon hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Brannon was passed over for promotions and subsequently terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

30. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

31. Defendant's actions were willful, intentional, and done with reckless disregard for Brannon's civil rights.

32. Brannon has suffered injury as a result of Defendant's unlawful actions.

### Count III. Title VII Race Discrimination Claim – Pattern and Practice

33. Brannon hereby incorporates by reference paragraphs one (1) through thirty-two (32) of her Complaint.

34. Defendant engaged in a pattern and practice of not promoting African-American employees.

35. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

36. Defendant's actions were willful, intentional, and done with reckless disregard for Brannon's civil rights.

37. Brannon has suffered injury as a result of Defendant's unlawful actions.

### Count IV. Title VII - Retaliation

38. Brannon hereby incorporates by reference paragraphs one (1) through thirty-eight (38) of her Complaint.

39. Brannon engaged in a protected activity by complaining of race discrimination. Brannon was passed over for promotions and terminated in retaliation for her complaints.

40. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

41. Defendant's actions were willful, intentional, and done with reckless disregard for Brannon's civil rights.

42. Brannon has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Petrice Brannon, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts – including the difference in pay between her position and positions for which she was discriminatorily passed over;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully submitted,

Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Petrice Brannon, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Kyle F. Biesecker*

Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff